**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Expotech Engineering Incorporated, | No. CV-18-03221-PHX-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Cardone Industries Incorporated, | |
| Defendant. | |

Pending before the Court is Cardone Industries, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Venue, or Alternatively, to Dismiss for Failure to State a Claim (Doc. 19). This motion is fully briefed and ripe for the Court's consideration.

**FACTS[1]**

Plaintiff had its principal place of business in Phoenix, Arizona. Defendant had its principal place of business in Philadelphia, Pennsylvania. In 2014 and 2015, Defendant solicited vendors to work on its Enterprise Resource Planning system. Defendant selected Plaintiff for the service, and the parties entered into a contract in 2016. The contract contained a "Governing Law" section, which states "The parties hereby consent to the exclusive jurisdiction of the state courts of the Commonwealth of Pennsylvania, County of Philadelphia, and the United States District Court for the Eastern District of Pennsylvania

---

[1] These facts are from the complaint (Doc. 1) and the parties' briefing with attached affidavits (Docs. 19, 23, 27). For the purposes of this Order, the Court shall take the complaint and allegations in the parties' affidavits as true unless controverted. Conflicts are resolved in favor of the Plaintiff.

in connection with any dispute based on, or arising out of, or in connection with, this Agreement." (Doc. 1-1 at 12.) Defendant and its employees, representatives, agents, officers, or directors did not go to Arizona during the contract negotiation or implementation.

Plaintiff performed much of the contracted work in Arizona through remote access,[2] which allowed it to perform its work in Arizona, while working with Defendant's employees elsewhere.[3] In 2018, Defendant rescinded a payment to Plaintiff. The parties continued to work together and through electronic and telephonic communications, the parties were able to reach an agreement to repair their working relationship. This agreement stated "With respect to all matters arising from or relating to this Amendment, and in the event of any litigation, or arbitration or other dispute resolution proceeding under this Amendment, the parties hereto irrevocably (a) consent and submit to the exclusive jurisdiction of the United States District Court for the Eastern District of Virginia (sic) Pennsylvania sitting in Philadelphia, Pennsylvania or, if there is no basis for federal jurisdiction, in the Court of Common Pleas, Philadelphia County, Pennsylvania[.]" (Doc. 1-1 at 22.) Again, Defendant failed to faithfully abide by the agreement. All of Defendant's servers and electronically stored information and programs were and remained in Pennsylvania or North Carolina. There was no travel by Defendant to Arizona in connection with the Agreement or with Plaintiff's work on the Agreement.

On October 9, 2018, Plaintiff filed a complaint in the United States District Court for the District of Arizona alleging breach of contract, copyright infringement, unjust enrichment, and replevin. (Doc. 1.) On November 8, 2018, Defendant filed the present motion to dismiss for lack of personal jurisdiction or to transfer venue or to dismiss for

---

[2] Plaintiff did not assert in its affidavit that the remote access was done from Arizona. (Doc. 23-1.) However, coupled with the uncontroverted claim in the complaint that "many of the acts performed under the contracts . . . were performed in Arizona," (Doc. 1 at ¶ 3), the Court is comfortable with the assertion in Plaintiff's response that it accessed Defendant's servers from Arizona.
[3] Within Plaintiff's response, it alleged that Defendant mailed Plaintiff a laptop to facilitate remote access of Defendant's servers in Pennsylvania and that Defendant gave specific guidance to Plaintiff for workers in Arizona. These allegations are not in the Complaint (Doc. 1) or the attached affidavit (Doc. 23-1). Therefore, the Court will not consider those alleged contacts.

failure to state a claim (Doc. 19).

**LEGAL STANDARD**

The burden is on plaintiff to demonstrate that a particular district court has personal jurisdiction over defendant. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). If the court does not conduct an evidentiary hearing, the plaintiff must make a prima facie showing. *Mavrix Photo, Inc. v. Brand Tech. Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *Boschetto*, 539 F.3d at 1015. Uncontroverted allegations in plaintiff's complaint are taken as true and conflicts over statements in affidavits are resolved in the plaintiff's favor. *Boschetto*, 539 F.3d at 1015; *Schwarzenegger*, 374 F.3d at 800.

Personal jurisdiction in this matter is governed by the general jurisdictional statute, which applies the state's law regarding personal jurisdiction. Fed. R. Civ. P. 4(k)(a)(A); *see Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (evaluating personal jurisdiction in a copyright infringement action). Arizona authorizes the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a); *Wake Up and Ball LLC. v. Sony Music Entm't Inc.*, 119 F. Supp. 3d 944, 947 (D. Ariz. 2015).

Under the Federal Due Process Clause, personal jurisdiction may be found under two categories: general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

General jurisdiction provides jurisdiction over defendant in matters unrelated to its litigation-related contacts. *Daimler AG*, 571 U.S. at 121–22. General jurisdiction requires that defendants have contacts that are so "continuous and systematic" as to render them "at home" in the forum state. *Id.* at 138; *Mavrix Photo, Inc.*, 647 F.3d at 1223. The United States Court of Appeals for the Ninth Circuit suggests that courts look to the contact's "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the [forum] state's regulatory or economic markets," when considering this exacting standard. *Mavrix Photo, Inc.*, 647 F.3d at 1224 (first alteration in original) (quoting *Tuazon*

*v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)). Corporations are generally "at home" where they are incorporated or have their principal place of business. *See Daimler AG*, 571 U.S. at 139.

Specific jurisdiction provides jurisdiction over defendants in forums with case-linked contacts. *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014); *Axiom Foods, Inc.*, 874 F.3d at 1068. Specific jurisdiction requires that courts ensure that the defendant has "minimum contacts" with a forum to ensure that litigating in the jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Axiom Foods, Inc.*, 874 F.3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see Boschetto*, 539 F.3d at 1015–16. The crux of the inquiry is the defendant's contact with the forum and not the defendant's contacts with the plaintiff or plaintiff's contacts with the forum. *Walden*, 571 U.S. at 284; *Axiom Foods, Inc.*, 874 F.3d at 1068. "[A] plaintiff's contacts with the forum State cannot be 'decisive in determining whether the defendant's due process rights are violated[.]'" *Walden*, 571 U.S. at 279 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

The Ninth Circuit has created and implemented a three-prong test to determine if a court has specific personal jurisdiction over a defendant. *Axiom Foods, Inc.*, 874 F.3d at 1068 (applying the *Schwarzenegger* test); *Boschetto*, 539 F.3d at 1016. "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail[ ] himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" *Axiom Foods, Inc.*, 874 F.3d at 1068 (alteration in original) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)); *see Picot*, 780 F.3d at 1211. The first two prongs are the plaintiff's burden to show, while the third prong requires the defendant to "present a compelling case." *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Pendant personal jurisdiction may be extended to from claims with jurisdiction if the claims share a "common nucleus of operative facts." *Picot*, 780 F.3d at 1211 (quoting

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004)). If plaintiff's arguments fail under the first prong, then the court is not obligated to consider the remaining prongs. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

The first prong can be satisfied in two separate ways, depending on the type of case. *Axiom Foods, Inc.*, 874 F.3d at 1069 (applying the purposeful direction test as copyright infringement is a tort); *Picot*, 780 F.3d at 1212; *Pebble Beach Co.*, 453 F.3d at 1155. When both contract and tort claims are presented, if either test is satisfied the court may exercise pendent jurisdiction over additional claims. *Picot*, 780 F.3d at 1211–14.

When the case is primarily a tort action, the court should utilize the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984) to determine if the defendant purposefully directed actions at the forum. *Axiom Foods, Inc.*, 874 F.3d at 1069; *Picot*, 780 F.3d at 1214; *Mavrix Photo, Inc.*, 647 F.3d at 1228 (using the tort framework for a copyright infringement action). The "effects" test has three prongs and asks if defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc.*, 874 F.3d at 1069 (quoting *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)). "Individualized targeting" alone does not satisfy the requirement that defendant expressly aimed its intentional act at the forum state; it is defendant's contacts that must drive the aiming inquiry. *Axiom Foods, Inc.*, 874 F.3d at 1069–70. "[M]ere injury to a forum resident is not a sufficient connection to the forum. . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290; *see Picot*, 780 F.3d at 1214; *Mavrix Photo, Inc.*, 647 F.3d at 1230 (finding that targeting or focusing on a market of a particular state may subject a defendant to the jurisdiction of that forum); *Love v. Assoc'd. Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010) ("Where a defendant's 'express aim was local,' the fact that it caused harm to the plaintiff in the forum state, even if the defendant knew that the plaintiff lived in the forum state, is insufficient to satisfy the effects test.") (quoting *Schwarzenegger*, 374 F.3d at 807).

When an action is primarily based in contract, the court should consider if the defendant purposefully availed itself of the privileges of the forum. *Picot*, 780 F.3d at 1212–13 (rejecting personal jurisdiction claim based on contract law when the contacts with the forum state are that plaintiff would discharge its obligations in the forum state and defendant made two trips to the forum state that were incidental and not contemplated in the contract); *Boschetto*, 539 F.3d at 1016. Purposeful availment requires that the defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto*, 539 F.3d at 1016 (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 2001)); *see Picot*, 780 F.3d at 1212. A lone contract with a nonresident defendant is insufficient to create jurisdiction. *Boschetto*, 539 F.3d at 1017. When contacts are conducted through the internet, the Ninth Circuit looks to the interactivity and commercial nature of the connection or website when placing value on the contact. *Mavrix Photo, Inc.*, 647 F.3d at 1226–27 (citing with approval to *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp 1119, 1124 (W.D. Pa. 1997) and utilizing the sliding scale of interactivity of commercial internet activity to determine the significance of internet contacts in a specific jurisdiction analysis); *Boschetto*, 539 F.3d at 1018 (same).

**ANALYSIS**

As the Court did not conduct an evidentiary hearing, Plaintiff need only make a prima facie showing. *Mavrix Photo, Inc.*, 647 F.3d at 1223; *Boschetto*, 539 F.3d at 1015. Plaintiff does not assert that Defendant is at home in Arizona. (Doc. 23.) The Court additionally does not find that Defendant was at home in Arizona and therefore will not consider general jurisdiction further.

Plaintiff analyzed personal jurisdiction under the *Calder* effects test utilized, in tort claims. (Doc. 23.) As Plaintiff has presented tort and contract claims, the Court may consider both purposeful direction under the *Calder* effect test, utilized in tort claims, and purposeful availment, utilized in contract claims. Satisfaction of either test will also satisfy the first prong in the *Schwarzenegger* three-prong test. If neither test is satisfied the Court may end its inquiry there. *Pebble Beach Co.*, 453 F.3d at 1155.

*Purposeful Direction*

The *Calder* "effects" test has three prongs, which asks if Defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that [D]efendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc.*, 874 F.3d at 1069 (quoting *Wash. Shoe Co.*, 704 F.3d at 673). It is clear that Plaintiff alleged an intentional act and that Defendant knew that the harm from the intentional act would likely be suffered in Arizona. The remaining question is if Defendant expressly aimed the intentional act at Arizona.

Plaintiff's residency in Arizona and that Plaintiff would fulfill its obligations in Arizona is insufficient to create specific jurisdiction. *See Picot*, 780 F.3d at 1212–13. The only other contact provided in Plaintiff's affidavit or the complaint is that Defendant allowed its servers to be accessed remotely by Plaintiff's employees. The significance of the internet contact depends on how interactive it is and the commercial nature. *See Mavrix Photo, Inc.*, 647 F.3d at 1226–27. Remote access allows parties to seemingly work side by side from any distance. This is likely the most interactive connection available through the internet, as it allows individuals to access folders, programs, and data, alter those items, and save new ones to the server. However, this type of internet contact is not commercial in nature. *See id*. In reality this contact is nothing more than a method for Plaintiff to complete its contracted obligation in Arizona, which is insufficient to confer jurisdiction alone, similar to emails or calls initiated by Plaintiff. *See Picot*, 780 F.3d at 1215. Plaintiff failed to make a prima facie showing that Defendant expressly aim its actions at Arizona.

*Purposeful Availment*

Plaintiff does not argue that Defendant purposefully availed itself of the privileges of doing business in Arizona. The response to Defendant's motion rests on the *Calder* effect test addressing purposeful direction. Additionally, the only real contacts with Arizona is that Defendant contracted with a resident of Arizona, allowed remote access from Arizona, and that the work was performed by Plaintiff in Arizona. Purposeful availment requires that Defendant acted affirmatively to allow or promote business within

the forum. The agreement in this matter was not formed in Arizona. The agreement shows that Defendant was not attempting to avail itself of the privileges of Arizona law as the contract specifically stated that the forum should be Pennsylvania. Defendant did not perform any acts related to this litigation in Arizona. Defendant's servers are in Pennsylvania and the program is stored in North Carolina. Plaintiff has failed to show that the ability to remote access is sufficient, as it is just a method for Plaintiff to complete its contractual obligation. Plaintiff failed to make a prima facie showing that Defendant purposefully availed itself to the privileges of doing business in Arizona.

**CONCLUSION**

As Plaintiff has failed to carry its burden on the first prong, the Court will not proceed to the remaining *Schwarzenegger* prongs. The Court finds that it lacks personal jurisdiction over Defendant. Accordingly,

IT IS ORDERED that Defendant's motion to dismiss (Doc. 19) is granted. This matter shall be dismissed without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment and close this matter.

Dated this 4th day of March, 2019.

Honorable James A. Soto
United States District Judge